SARAH E. PATTERSON, APPELLEE, v. FIRST NATIONAL BANK OF HUMBOLDT, APPELLANT.

FILED JANUARY 17, 1907. No. 14,812.

1. **Contract: CONSTRUCTION.** "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." Code, sec. 341.

2. **Instructions examined, and held** to have fairly submitted the issues to the jury under a correct view of the law.

3. **Evidence held** sufficient to support the verdict.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Francis Martin, Edwin Falloon* and *Stewart & Munger,* for appellant.

*J. H. Broady, contra.*

AMES, C.

Mrs. Patterson was a creditor in the sum of $450 upon open deposit or check account of the defendant bank. She desired to convert this credit into a time deposit or loan bearing interest. She made her wish known to Liggett, the cashier of the bank, who informed her that the institution would pay her only 4 per cent. interest on a time deposit, but that perhaps private parties would pay her more; but she objected to lending to private

parties, and, at his suggestion, she said she would see Mr. Samuelson, the president of the bank. She did see him, and have some talk with him, the exact purport of which is in dispute, but as a result of it he accepted her check for the money, and delivered to her husband for her a paper, of which the following is a copy: "F. W. Samuelson. Loans. Humboldt, Neb., Jan. 4, 1902. Pay to the order of Mrs. Sarah E. Patterson ($450) four hundred fifty and no-100 dollars. 12 mos. at 5 per cent. interest. To the First National Bank, Humboldt, Neb. F. W. Samuelson." After this transaction had taken place, Mrs. Patterson's account on the books was charged with the amount of her check, and the same sum was credited to the account of Samuelson. At the expiration of one year from the date of the instrument above copied, namely, on January 5, 1903, it was surrendered by Mrs. Patterson, and a new document of exactly the same tenor, except as to date, delivered to her in its stead by Samuelson, who at the same time gave her his personal check on the bank for the then accrued interest $22.50, of which she received $10 in cash and deposited the residue upon her open account. Samuelson subsequently became insolvent. This is a suit on the open deposit or check account for the remainder due thereon, ignoring the transaction with Samuelson. The answer admits the indebtedness, but pleads payment by means of the circumstances above recited. The reply admits the happening of the transaction, but impeaches it for misrepresentation and fraud, averring that the plaintiff was led by the bank officials to believe, and that she did believe at all times until after the Samuelson failure, that she had dealt with him in his official capacity as a representative of the bank, and not in his individual or personal character, and that she had also at all times, relying upon the representation and circumstances aforesaid, supposed and believed that the documents he had given her were the obligations of the bank and in substitution, merely, for its obligation to the same amount upon the open account. Both the plain-

tiff and her husband were persons advanced in years, and of foreign birth, and farmers by occupation, and but little capable of speaking or understanding the English language and having but little knowledge of banking or business transactions, all which circumstances were known to the bank and to Samuelson. It seems to us that the issue was purely one of fact, and very plain and extremely simple. The bank officials were under obligation to treat the plaintiff with the uttermost fairness and candor. If the conversations and circumstances were such as to fully inform her, or such as, in view of her known mental capacity and knowledge of affairs, justified the bank officials in believing, and they did in consequence thereof honestly and in good faith believe, that she knew and intended that the effect of the transaction was to substitute the personal obligation of the president of the bank for that of the institution, then the defense of payment is made out, but as to all these matters the burden of establishing them by a preponderance of the evidence is upon the defendant.

The foregoing, we think, is a fairly accurate, practical application of the abstract rule enacted by section 341 of the code, which is: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." If, therefore, Mrs. Patterson understood, and the bank officially had reason to suppose that she understood, that Samuelson, who was the president of the bank, was acting on its behalf in executing and delivering to her a document by which he directed the bank to pay her at a time certain a specified sum of money, the institution is bound by that understanding, and it is not inevitable that either party shall be convicted or accused of active or deliberate fraud. Upon a trial there was a verdict and judgment for the plaintiff, from which the defendant has appealed.

If the foregoing considerations are sound, the court did not err, as counsel for appellant contends that he did,

in permitting the plaintiff and her husband to testify what was their understanding and belief as to the effect of the transaction upon the obligation of the bank. Nor do we think that the court was guilty of reversible abuse of discretion in sustaining an objection to an inquiry upon the cross-examination of the plaintiff as to what she would have done, or whom she would have sued if Samuelson had remained solvent and the bank had failed. The question was directed to a conjectural course of conduct consequent upon supposed events that did not happen, and, at the most, had no bearing except upon the credibility of the witness. A contrary ruling would perhaps not have been erroneous, but it does not follow that the one made was so.

Error is assigned for the giving and refusal of a large number of instructions and proposed instructions. It would extend this opinion to an undue length to discuss them in detail, nor do we think that such a course would be profitable. Considering them as a whole, we are satisfied that the issues were fairly stated to the jury and submitted to them under a correct view of the law, and that there is sufficient evidence to support their verdict.

We therefore recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.